

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00029-CV

SANDRA K. BULLARD,

                                                                    Appellant

 v.

REBECCA ANN STIFFLEMIRE AND
LARRY STIFFLEMIRE,

                                                                    Appellees


From the 21st District Court
Burleson County, Texas
Trial Court No. 28,310


## MEMORANDUM OPINION


Sandra Bullard appeals from a judgment that declared a contract for deed to have "lapsed" and to be of no effect. Bullard complains that the trial court erred by entering judgment on an invalid legal theory, the evidence was legally insufficient to show that the contract for deed had lapsed, and that she conclusively established as a matter of law that she was entitled to statutory damages for various failures of the Stifflemires, the

sellers of the property, to comply with the statutory requirements regarding contracts for deed. Because we find that the trial court's judgment was erroneous, we reverse the judgment of the trial court and remand this proceeding for a new trial.

RELEVANT FACTS

On May 1, 1994, Bullard and the Stifflemires entered into a contract for deed for the purchase of real property to be used as Bullard's residence with a reservation of 50% of the minerals by the Stifflemires. The purchase price of the property was $100,000. Bullard was required to make monthly payments of $643.72 per month for the first year. On May 1, 1995, Bullard was to make a payment of $20,000 and the remaining balance would be payable pursuant to a real estate lien note with monthly payments of $643.72 payable at 9% interest per annum for five years. At the expiration of five years, the contract for deed provided that the entire amount of unpaid interest and principal was due. The Stifflemires would convey the property to Bullard if Bullard was not in default. Bullard was required to pay the property taxes and maintain insurance on the property pursuant to the contract. In the event of a default of any obligation under the contract, Bullard was required to reimburse the Stifflemires for any costs of collection, including attorney's fees, plus interest at the annual interest rate on matured, unpaid amounts which was set at 18%.

Bullard made the first year's monthly payments but did not make the $20,000 payment due on May 1, 1995. Bullard contended that Mr. Stifflemire told her not to worry

about the payment because of the extensive repairs she had been required to make to the property after she moved into it.  Mr. Stifflemire disagreed and stated that he told Bullard to start paying rent in the amount of the agreed-upon monthly amount.  No real estate lien note was executed and the balance was not paid in full at the end of five years as agreed upon.  Bullard did maintain insurance on the property but did not ever pay the property taxes.

In late 2014, a survey was conducted on the property for an oil well at the behest of the Stifflemires.  In April of 2015, an access right-of-way was constructed in an easement granted by the Stifflemires across the property, which resulted in damage to the property and the death of several livestock, which were ostriches.  In late 2015, the Stifflemires allowed a potential buyer to inspect the property and informed Bullard that she would have the first right of refusal to purchase the property.

After this time, in October of 2015, Bullard filed this action against the Stifflemires alleging a breach of the contract for deed and for damages for entry to the property by third parties.  Bullard later added claims for declaratory judgment, fraud, and statutory damages pursuant to the Texas Property Code relating to the contract for deed.  The Stifflemires filed a general denial, a verified denial alleging failure of consideration, and affirmative defenses of estoppel, laches, and waiver.

A bench trial was conducted.  On the date of the trial, the Stifflemires stipulated that the contract for deed was valid and sought enforcement of it pursuant to its terms.

The trial court rendered judgment that the contract for deed had "lapsed" and did not award damages to either party. In its findings of fact and conclusions of law, the trial court found that when the $20,000 payment was not made by May 1, 1995, the contract for deed "lapsed" and was no longer in effect. The trial court further found that Bullard had been in possession of the property since May 1, 1995 pursuant to a month-to-month lease. The trial court denied all of Bullard's other claims.

**INVALID LEGAL THEORY**

In her first issue, Bullard complains that the trial court erred by determining that the contract for deed had lapsed when she did not make the lump sum payment in 1995 because there is no valid legal theory of "lapse" for determining the validity of a contract for deed. Indeed, our review of case law and the Texas Property Code relating to contracts for deed has found no authority for the concept that a contract for deed can lapse independent of its terms for default and separate from the requirements to terminate a contract for deed as set forth in the Property Code. *See, generally*, TEX. PROP. CODE ANN. Ch. 5, Subch. D (West 2014). Therefore, we find that the trial court erred by finding that the contract for deed had lapsed. We sustain Bullard's first issue. Because we have found that the trial court's judgment was granted on an invalid legal theory, we do not reach Bullard's second issue regarding the sufficiency of the evidence regarding whether or not the contract for deed had lapsed.

**STATUTORY DAMAGES**

In her third issue, Bullard argues that she established as a matter of law that she was entitled to statutory damages for the Stifflemires' failure to provide required notices pursuant to Property Code Section 5.077 which requires a seller to provide an annual notice to the buyer regarding the amount paid and still owing under the contract.

The trial court's judgment and findings of fact and conclusions of law were limited to the theory that the contract for deed had lapsed and all of the other findings related to the terms of the contract for deed and a finding that there was no notice of cancellation, acceleration, modification, or forfeiture of the contract for deed. However, there are no findings relating to the Stifflemires' defenses and the balance due under the contract for deed. Bullard does not contend that the entire balance due on the contract has been paid. The amount currently owing was disputed by the parties but was not addressed or resolved by the trial court because of its holding that the contract for deed had lapsed. Because this proceeding must be reversed for a new trial relating to the issues pled but not determined by the trial court, we find that this issue regarding statutory damages, if any, should be resolved by the fact finder on remand as well. While there was no dispute that the statutory notices had not been sent, because the judgment was limited to the sole issue of lapse, there were also no findings relating to the Stifflemires' defenses regarding the statutory violations. Because we have found that this proceeding should be reversed in its entirety for a new trial, we overrule Bullard's third issue.

**CONCLUSION**

Having found that the trial court's judgment was based on an erroneous legal theory as set forth in its judgment and findings, we reverse the judgment of the trial court and remand for a new trial.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Reversed and remanded
Opinion delivered and filed May 1, 2019
[CV06]

